**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-61296-CIV-DAMIAN**

**ALEH RADCHANKA,**

      Petitioner,

v.

**WARDEN**, *et al.*,

      Respondents.

_____/

### ORDER ON PETITION FOR WRIT OF *HABEAS CORPUS*

**THIS CAUSE** is before the Court on *pro se* Petitioner, Aleh Radchanka's ("Petitioner"), Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1] (the "Petition"), filed on May 1, 2026. On May 5, 2026, this Court entered an Order to Show Cause [ECF No. 6]. On May 14, 2026, Respondents filed a Response to Writ of Habeas Corpus [ECF No. 7 ("Response")]. Petitioner has not filed a formal reply and the time to do so under the Order to Show Cause has passed.

THE COURT has reviewed the Petition, the Response, the relevant legal authorities, and the pertinent portions of the record and is otherwise fully advised.

### I.      BACKGROUND

Petitioner, Aleh Radchanka ("Petitioner") filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his continued immigration detention. *See generally* ECF No. 1. Petitioner seeks release from custody or, alternatively, an individualized bond hearing before an immigration judge. *Id.* at 2.

According to Respondents, Petitioner is a native and citizen of Belarus who applied for admission to the United States at the San Ysidro, California Port of Entry, on November 21, 2021. *See* Resp. at 1. Respondents assert that Petitioner was thereafter paroled into the United States, but they did not include any documents from the supposed parole of Petitioner and his family after their encounter with immigration officials at the border. *Id*. Petitioner, his wife, and two daughters have pending I-589 asylum applications with a joint hearing date in May 2027. Pet. at 1-2. Petitioner has no criminal history in the United States and has worked pursuant to valid work authorization while in this country. *Id.* Petitioner's I-213 indicates that he entered the country legally and was issued an I-94 by CBP that authorized a legal stay until November 20, 2022. *See* ECF No. 7-2 at 3.

On October 26, 2025, for reasons that are not clear from the record, Border Patrol Agents were conducting records checks on vehicles traveling on Collins Avenue in Sunny Isles, Florida, when they encountered Petitioner, discovered that he overstayed his admission, and arrested him for immigration violations. *See id.*

Approximately three weeks after his arrest, the Department of Homeland Security issued Petitioner a Notice to Appear ("NTA"), commencing removal proceedings under section 240 of the Immigration and Nationality Act. *See* ECF No. 7-3. Petitioner has remained in immigration custody for over six months since his detention.

In the Petition, Petitioner argues that his continued detention violates the Due Process Clause and that he is being detained under the incorrect statutory authority. *See* ECF No. 3 at 3-4. Respondents explain that, on March 10, 2026, an Immigration Judge ordered Petitioner removed to Belarus, but Petitioner has appealed the removal order and the appeal is pending. Resp. at 2. According to Respondents, Petitioner is not entitled to a bond hearing

because he is an arriving alien subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *Id.* Respondents further represent that, because the appeal has not yet been resolved, the removal order is not administratively final and Petitioner's detention therefore continues pursuant to 8 U.S.C. § 1225(b)(2), rather than under the post-removal-order detention framework set forth in 8 U.S.C. § 1231(a). *Id.*; *see also* 8 U.S.C. § 1101(a)(47)(B) (providing that an order of removal becomes final upon affirmance by the BIA or upon expiration of the period for seeking BIA review).

## II.   LEGAL STANDARD

District courts have the authority to grant writs of *habeas corpus*. See 28 U.S.C. § 2241(a). *Habeas corpus* is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). This Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.   DISCUSSION

Under the Immigration and Nationality Act, an order of removal does not become administratively final until "a determination by the Board of Immigration Appeals affirming such order" or "the expiration of the period in which the alien is permitted to seek review of such order." 8 U.S.C. § 1101(a)(47)(B). Accordingly, where, as here, an appeal to the BIA is pending, the removal order is not yet final.

Because the removal order is not administratively final, the "removal period" under 8 U.S.C. § 1231 has not yet begun. *See* 8 U.S.C. § 1231(a)(1)(B)(i) (providing that the removal period begins on "the date the order of removal becomes administratively final"). Petitioner's

detention therefore remains governed by the pre-removal detention framework. As such, this matter is governed by 8 U.S.C. § 1226(a).

In *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026), the Eleventh Circuit Court of Appeals held that if an alien is neither "arriving in the United States" nor "present in the United States without having been granted lawful entry," the proper statute supplying the rules of detention is § 1226(a), which applies when DHS seeks to remove someone detained from the country's interior. *See id.* at *15. In light of the fact that the Petitioner is similarly situated with the petitioners in *Hernandez Alvarez*, § 1226(a) and its implementing regulations govern Petitioner's detention. This Court notes that it is altogether unclear why Respondents fail to acknowledge the *Hernandez Alvarez* decision or this Court's prior decisions[1] on this issue in their Response and are admonished that such a failure to acknowledge binding precedent is sanctionable. *See Hale v. Bay Cnty. Sch. Bd.*, No. 5:17cv265, 2019 WL 3064121, at *6 (N.D. Fla. Mar. 25, 2019) (imposing sanctions and stating that "proceeding in the face of an easily located, squarely binding precedent shows recklessness"); *see also Espinoza v. Galardi S. Enters., Inc.*, 772 F. App'x 768, 771 (11th Cir. 2019) (referring to arguments "foreclosed plainly by established binding precedent" as "clearly frivolous").

---

[1] *See, e.g.*, *Espinal Encarnacion v. ICE Field Office Director, et al.*, No. 25-61898-CIV-DAMIAN, ECF No. 29 (S.D. Fla. Dec. 23, 2025); *Martinez Gomez v. Diaz, et al.*, No. 25-62236-CIV-DAMIAN, ECF No. 21 (S.D. Fla. Jan. 8, 2026); *Irure-Rodriguez v. Lyons, et al.*, No. 25-62585-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Jan. 20, 2026); *Sultany v. Ripa, et al.*, No. 25-62586-CIV-DAMIAN, ECF No. 12 (S.D. Fla. Jan. 20, 2026); *Gonzalez Ramon v. Lyons, et al.*, No. 26-60064-CIV-DAMIAN, ECF No. 8 (S.D. Fla. Feb. 6, 2026); *Rorres Arevalo v. Noem, et al.*, No. 26-60155-CIV-DAMIAN, ECF No. 7 (S.D. Fla. Feb. 9, 2026); *Torres-Martinez v. Assistant Dir., et al.*, No. 26-60166-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Feb. 11, 2026); *Arcia Alfonso v. GEO Group, Inc., et al.*, No. 26-60286-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Feb. 17, 2026); *Mejia v. Lyons, et al.*, No. 26-60258-CIV-DAMIAN, ECF No. 7 (S.D. Fla. Apr. 3, 2026).

In any event, this Court finds that Petitioner is entitled to an individualized bond hearing as a detainee under § 1226(a).

This Court has also previously addressed Respondents' argument regarding the failure to exhaust administrative remedies under circumstances like those presented here. The exhaustion requirement under 8 U.S.C. § 1252(d)(1) "is not jurisdictional," but prudential. *Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886, 891 (11th Cir. 2023). Generally, "exhaustion is not required where no genuine opportunity for adequate relief exists. . . or an administrative appeal would be futile[.]" *Linfors v. United States*, 673 F.2d 332, 334 (11th Cir. 1982) (alterations added; citations omitted); *see also United States v. Barbieri*, No. 18-cr-20060, 2021 WL 2646604, at *2 (S.D. Fla. June 28, 2021) (Scola, J.) ("The Court recognizes . . . that administrative exhaustion may be unnecessary where the administrative process would be incapable of granting adequate relief." (alteration added; citation omitted)).

The BIA issued *Matter of Yajure Hurtado* as a published decision, and such decisions "serve as precedents in all proceedings involving the same issue or issues." 8 C.F.R. § 1003.1(g)(2); *see id.* § 1003.1(d)(1). Thus, considering *Matter of Yajure Hurtado*, it is obvious that an alien in Petitioner's situation, who has resided in the United States for years prior to his recent detention, but has not been admitted or paroled, will be subject to mandatory detention without bond under Section 1225(b)(2) upon review by the BIA. *See Matter of Yajure Hurtado*, 29 I. & N. Dec. at 221. Many other courts, including those in this District, have found that any exhaustion requirements are excused for futility because the result of Petitioner's bond appeal to the BIA is a foregone conclusion under *Matter of Yajure Hurtado*. *See, e.g.*, *Puga v. Assistant Field Office Dir.*, No. 25-24535-CIV, 2025 WL 2938369, at *2 (S.D. Fla. Oct. 15, 2025) (Altonaga, C.J.); *Ardon-Quiroz v. Assistant Field Dir.*, No. 25-cv-25290, 2025

WL 3451645, at *4-5 (S.D. Fla. Dec. 1, 2025) (Becerra, J.); *Inlago Tocagon v. Moniz*, No. 25-cv-12453, 2025 WL 2778023, at *2 (D. Mass. Sept. 29, 2025); *Vazquez v. Feeley*, No. 25-cv-01542, 2025 WL 2676082, at *9–10 (D. Nev. Sept. 17, 2025). This Court concurs with the majority of district courts that have addressed the issue that administrative exhaustion would have been futile in these circumstances and that a failure to exhaust does not strip this Court of jurisdiction over the Petition.

### IV.   CONCLUSION

Accordingly, for the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that the Petition [**ECF No. 1**] is **GRANTED** to the extent that Petitioner requests this Court to direct the Immigration Court to give him a bond hearing. It is further

**ORDERED** that Respondents shall **FORTHWITH** afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner. The bond hearing must take place no later than **June 4, 2026**. It is further

**ORDERED** that on or before **June 11, 2026**, the Respondent shall file a Joint Status Report informing this Court of whether Petitioner was given a bond hearing, and if so, the outcome of Petitioner's bond hearing and the status of matters relevant to the Petition. Respondent shall confer with Petitioner prior to filing the Report. It is further

**ORDERED** that in light of the granting of the requested relief, it does not appear Petitioner requires the services of counsel in this Court, and, therefore, the Motion for Referral to Volunteer Attorney **[ECF No. 4]** is **DENIED AS MOOT**.

The Clerk of Court is **DIRECTED** to **CLOSE** this case for *administrative and statistical purposes only* pending compliance with the instant Order and until further Order of this Court.

This Court retains jurisdiction to address matters that may arise with respect to the Petition, and either party may file a motion to reopen the case should additional relief be sought relating to the Petition or this Order.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 26th day of May, 2026.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

CC:   Aleh Radchanka, *Pro Se*
      220-769-148
      B.T.C.
      3900 N. Powerline Road
      Pompano Beach, FL 33073